NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALAN R. HANSEN, | No. 18-35275 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05379-MAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted July 8, 2020**
Seattle, Washington

Before: CLIFTON, D.M. FISHER,*** and M. SMITH, Circuit Judges.

Alan R. Hansen appeals the district court's affirmance of the

Commissioner's denial of his applications for disability insurance benefits and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

supplemental security income under the Social Security Act. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). Our review of the district court's decision is de novo, and we "disturb the [Administrative Law Judge's (ALJ)] denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks omitted). We affirm.

First, substantial evidence supported the ALJ's evaluation of the medical evidence. The ALJ did not err in determining that Hansen's attention deficit hyperactivity disorder (ADHD) is not a severe impairment. Not only are Hansen's symptoms controllable with medication, *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006), but Hansen's treating physician also declined to prescribe ADHD medication because he did not "have a good reason why [Hansen] needs to be on it."

In addition, substantial evidence supported the ALJ's decision at Step 2 to accord little to no weight to the portion of the opinions of Drs. Griffin, Eather, and Robinson regarding the effects of Hansen's ADHD and dyslexia, and which recommended putting appropriate accommodations in place to account for those limitations. Although the ALJ did not err in weighing these opinions, in any event, he properly accounted for limitations attributable to both impairments throughout his decision. *See* 42 U.S.C. § 423(d)(2)(B); *see also Molina v. Astrue*, 674 F.3d

1104, 1111 (9th Cir. 2012) ("[W]e may not reverse an ALJ's decision on account of an error that is harmless.").

Furthermore, substantial evidence supported the ALJ's decision to give great weight to the opinions of Drs. Gaffield and Faria regarding Hansen's physical condition because their opinions were both consistent with the results of their physical examinations and considered Hansen's subjective complaints. Nor did the ALJ err in according great weight to Dr. Valette's opinion that Hansen can interact appropriately with supervisors, a conclusion that was consistent with the record. *See Molina*, 674 F.3d at 1111 ("[W]hen the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."). The ALJ also adequately considered Dr. Valencia's diagnoses and observations in evaluating Hansen's claim.

Similarly, the ALJ gave "specific and legitimate reasons," supported by substantial evidence, for according little weight to Dr. Neims's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). For example, the ALJ noted that Dr. Neims's opinion was inconsistent with Dr. Neims's clinical findings, which "show[ed] some abilities in terms of cognitive functioning," and with the record, which indicated that Hansen "show[ed] some abilities in terms of social functioning" and "ha[d] been able to engage in a variety of activities." *See id.*

Second, the ALJ gave "specific, clear, and convincing reasons," supported by substantial evidence, for discounting Hansen's testimony regarding the severity of his symptoms. *See Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). The ALJ reasonably concluded that Hansen's testimony regarding his limited physical functioning was inconsistent with the medical evidence and his reports to medical examiners and providers regarding his activity level. *See Molina*, 674 F.3d at 1112–13; *see also* 20 C.F.R. § 404.1529(c). Nor did the ALJ err in rejecting Hansen's testimony regarding his mental limitations. As the ALJ noted, Hansen failed to seek treatment for many of his mental impairments, despite continuing with certain daily activities, and there were inconsistencies between his testimony and the medical evidence and his reported activity level. *See Molina*, 674 F.3d at 1112–14.

Finally, "[t]he ALJ was not required to incorporate evidence" such as Dr. Neims's opinion and Hansen's testimony regarding the severity of his symptoms in determining Hansen's residual functional capacity (RFC) because that evidence had been "permissibly discounted." *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Bayliss*, 427 F.3d at 1217 (RFC assessment was proper when it "took into account those limitations for which there was record support"). For the same reason, the ALJ did not err in basing his Step 5 finding on his RFC assessment. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169,

18-35275

1175–76 (9th Cir. 2008) (rejecting argument that "ALJ's hypothetical [question to vocational expert] was incomplete" when claimant "simply restate[d] her" challenge to ALJ's RFC assessment).

**AFFIRMED.**